| | |
|---|---|
| DISTRICT COURT, GRAND COUNTY, COLORADO<br>GRAND COUNTY JUDICIAL CENTER<br>307 MOFFAT AVENUE<br>PO BOX 192<br>HOT SULPHUR SPRINGS, CO 80451 | DATE FILED: May 15, 2023 11:51 PM<br>FILING ID: 41EC3BCCE5D36<br>CASE NUMBER: 2023CV30039 |
| MATTHEW WILIE, INDIVIDUALLY AND ON BEHALF OF ALL HEIRS AND AS THE SURVIVING SPOUSE AND PERSONAL REPRESENTATIVE OF THE ESTATE OF REBECCA WILIE, AND SURVIVING PARENT AND NEXT FRIEND OF ROWAN KITTRELL, RHEDYN WILIE-KITTRELL, AND ROSALIE WILIE-KITTRELL; AND RENE WELCH AS CO-PERSONAL REPRESENTATIVE OF THE ESTATE OF REBECCA WILIE, LEGAL CUSTODIAN, PERSONAL REPRESENTATIVE, AND NEXT FRIEND OF RYLIE WISECUP.<br><br>Plaintiffs,<br><br>vs.<br><br>MELISSA MENDES-FERREIRA<br><br>Defendant. | ▲COURT USE ONLY▲<br><br>Case Number:<br><br>Div:        Ctrm: |
| *Attorneys for Plaintiffs*:<br><br>Steven T. Mandelaris, Esq.<br>Mandelaris Law, LLC<br>501 S. Cherry, Ste. 1100<br>Denver, CO 80246<br>Phone:  (303) 357-9757<br>Fax:     (303) 991-9836<br>stm@mandelarislaw.com<br><br>Kevin J. Davlin<br>Attorney At Law<br>Davlin & Davlin, L.L.C.<br>P. O. Box 1<br>Fraser, Colorado 80442 | |

1

**EXHIBIT B**

## COMPLAINT AND JURY DEMAND

**COMES NOW** the Plaintiffs, Matthew Wilie, individually and on behalf of all heirs and as the surviving spouse and Personal Representative of the Estate of Rebecca Wilie, and surviving parent and next friend of Rowan Kittrell, Rhedyn Wilie-Kittrell, and Rosalie Wilie-Kittrell; and, Rene Welch as Co-Personal Representative of the Estate of Rebecca Wilie, Legal Custodian, Personal Representative, and next friend of Rylie Wisecup, by through their attorneys, Mandelaris Law, L.L.C., and Davlin & Davlin, L.L.C., and hereby submits the foregoing Complaint and Jury Demand against the above-named Defendant, and as grounds, therefore, states and alleges the following:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for wrongful death, negligence, and negligence per se, and felonious killing brought pursuant to the laws of the State of Colorado and including C.R.S. § 13–21–202, arising from a motor vehicle crash occurring in Grand County, State of Colorado.

2. Matthew Wilie and the Decedent, Rebecca Wilie, were married on September 23, 2007, in Grand Junction, Colorado; they remained married at the time of Rebecca's death.

3. Plaintiff Matthew Wilie is a resident of Grand County, Colorado, and the surviving spouse of the Decedent, Rebecca Wilie, and, as such, is authorized to commence this action for injuries, damages, and losses sustained due to and/or arising out of or related to the death of his spouse, Rebecca Wilie.

4. Matthew Wilie is the proper party to bring this action individually.

5. Plaintiff Matthew Wilie is the natural father of Rowan Nathaniel Kittrell, Rhedyn Wilie-Kittrell, and Rosalie Wilie-Kittrell, who are residents and domiciliary of the State of Colorado.

6. Plaintiff Matthew Wilie is the surviving parent, father, guardian, and next friend of Rowan Nathaniel Kittrell, Rhedyn Wilie-Kittrell, and Rosalie Wilie-Kittrell, and Co-Personal Representative of Rebecca Wilie's Estate and, as such, is authorized to commence this action for injuries, damages, and losses sustained due to and/or arising out of or related to the death Rebecca Wilie on behalf heirs to the deceased.

7. Matthew Wilie is the proper party to bring this action on behalf of Rowan Nathaniel Kittrell, Rhedyn Wilie-Kittrell, and Rosalie Wilie-Kittrell.

8. Rylie Wisecup is the child of the Decedent, Rebecca Wilie, and Robert Wisecup.

9. Rene Welch is the mother of Rebecca Wilie, grandmother and legal custodian of Rylie Wisecup, and Co-Personal Representative of Rebecca Wilie's Estate.

10. Rene Welch and Rylie Wisecup are residents and domiciliary of the State of Colorado.

2

11. Rene Welch is authorized to commence this action for injuries, damages, and losses sustained due to and/or arising out of or related to the death of Rebecca Wilie on behalf of the Decedent's daughter, Rylie Wisecup, according to an April 4, 2023, Order issued by the Grand County District Court in Case No. 2022JV30003 *(In the Interest of Rylie Kieralee Wisecup and concerning Robert Wisecup)*.

12. The April 4, 2023, Order issued by the Hon. Mary C. Hoak in Grand County Case No. 2022JV3003 provides:

    THE COURT HEREBY FINDS that the legal custodian of a minor child in a dependency and neglect case has the authority to bring a civil suit for the benefit of the minor child, including wrongful death . . . claims, as long as it is in the child's best interest. The Court also authorizes the legal custodian of the minor child in this case to bring a civil suit for the benefit of the minor child, including wrongful death and . . . claims as long as it is in the child's best interest.

13. Plaintiff Rene Welch is the legal guardian and legal custodian with custodial rights and decision-making authority for Rylie Wisecup, both of which are residents and domiciliary of the State of Colorado.

14. Plaintiff Rene Welch is the proper party to bring this action as legal guardian and legal custodian, Co-Personal Representative of Rebecca Wilie's Estate and/or representative of Rylie Wisecup, who is an heir to the deceased.

15. At all times material hereto, and at the time of the subject crash, Defendant Melissa Mendes-Ferreira was an individual of and domiciliary of France.

16. Upon information or belief, Defendant Melissa Mendes-Ferreira presently is an individual of and domiciliary of France.

17. Upon information or belief, at the time of the crash, Defendant Melissa Mendes-Ferreira's residential address was and is 8 Av. d'Orléans 45190 Beaugency, France.

18. The Court has jurisdiction over this matter and the parties hereto, and venue is proper pursuant to C.R.C.P. Rule 98 and C.R.S. § 13-1-124.

## GENERAL ALLEGATIONS

19. On June 19, 2022, on or around 5:20 P.M., Rebecca Wilie was driving a 2015 GMC Terrain traveling westbound near Hot Sulphur Springs on U.S. Highway 40 near milepost 205.

20. At the same time and place, Defendant Melissa Mendes-Ferreira − a 33-year-old woman from France (Hereinafter "Mendes-Ferreira") − was driving a 2020 GMC Acadia.

21. Defendant Mendes-Ferreira was driving her vehicle eastbound in the westbound lane directly in the path of oncoming traffic resulting in a head-on crash with the Decedent's vehicle.

22. Immediately before the crash, Defendant Mendes-Ferreira was operating her vehicle in the

wrong lane of traffic.

23. Immediately before the crash, Defendant Mendes-Ferreira was not attempting to overtake any vehicle traveling in front of her.

24. Immediately before the crash, Defendant Mendes-Ferreira erratically swerved into oncoming traffic.

25. Immediately before the crash, Defendant Mendes-Ferreira erratically swerved into oncoming traffic, causing the crash with Decedent Rebecca Wilie.

26. Photographs depicting the property damage to the vehicles involved in the crash are as follows:




27. Decedent, Rebecca Wilie, sustained fatal injuries due to the head-on crash, having suffered an instantaneous death.

28. Defendant Mendes-Ferreira was traveling too fast for the conditions.

29. At the time of the collision, Defendant Mendes-Ferreira had a duty to operate her vehicle in such a manner to avoid colliding with other vehicles, including the vehicle operated by the Decedent.

30. Defendant Mendes-Ferreira operated the 2020 GMC Acadia in such a manner as to cause the crash, thereby causing severe injuries, damages, and losses to the Plaintiffs.

31. At all times relevant, Defendant Mendes-Ferreira was driving a vehicle owned by the Hertz Corporation (hereinafter "Hertz").

32. At all times relevant, Defendant Mendes-Ferreira was driving a vehicle owned by Hertz with the consent and permission of Hertz.

33. Hertz Corporation has a principal mailing address of 8501 Williams Road, Estero, FL 33928, and a registered agent of C.T. Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112.

34. Defendant Mendes-Ferreira was not paying attention immediately prior to the impact and

crash.

35. Upon information or belief, Defendant Mendes-Ferreira was using and/or dropped her mobile phone immediately prior to the impact and crash.

36. Upon information or belief, Defendant Mendes-Ferreira was using Hertz NeverLost G.P.S. immediately prior to the impact and crash.

37. Upon information or belief, Defendant Mendes-Ferreira was using a map/navigation program on her cell phone immediately prior to the impact and crash.

38. Defendant Mendes-Ferreira is liable to the Plaintiffs for their injuries, damages, and losses.

39. Defendant Mendes-Ferreira operated the 2020 GMC Acadia negligently.

40. Defendant Mendes-Ferreira operated the 2020 GMC Acadia carelessly.

41. Defendant Mendes-Ferreira operated the 2020 GMC Acadia recklessly.

42. Defendant Mendes-Ferreira's driving caused the crash.

43. At the time of the subject crash, Defendant Mendes-Ferreira failed to properly operate the 2020 GMC Acadia she was driving.

44. Upon information or belief, at the time of the subject crash, Defendant Mendes-Ferreira, as a domiciliary of France, was not familiar with the specific traffic rules and driving conditions in the United States and Colorado, including mountain driving, speed limits, road signs, and other relevant factors.

45. At the time of the subject crash, Defendant Mendes-Ferreira was traveling over the posted speed limit.

46. Upon information or belief, at the time of the subject crash, Defendant Mendes-Ferreira was distracted at the time of the crash.

47. At the time of the subject crash, Defendant Mendes-Ferreira failed to properly operate the 2020 GMC Acadia she was driving.

48. Prior to the crash, Defendant Mendes-Ferreira knew that driving the 2020 GMC Acadia in the lane of oncoming traffic would injure other drivers, including the Decedent.

49. Prior to the crash, Defendant Mendes-Ferreira knew that operating the 2020 GMC Acadia she was driving into the lane of oncoming traffic would increase the possibility that she would cause a crash.

50. At the time of the subject crash, Defendant Mendes-Ferreira operated her vehicle with conscious disregard for the risks presented to other drivers, including the Decedent, by driving her vehicle into oncoming traffic.

51. Prior to the crash, Defendant Mendes-Ferreira knew that operating the 2020 GMC Acadia she was driving in excess of the posted speed limit would increase the possibility that she would cause a crash.

52. At the time of the subject crash, Defendant Mendes-Ferreira operated her vehicle with conscious disregard for the posted speed limit.

53. Prior to the crash, Defendant Mendes-Ferreira knew that operating the 2020 GMC Acadia she was driving in excess of the posted speed limit and directly into oncoming traffic would result in fatal injuries to other drivers, including the Decedent, Rebecca Wilie.

54. Prior to the crash, Defendant Mendes-Ferreira was conscious that operating the 2020 GMC Acadia she was driving into the lane of oncoming traffic would result in injury to other drivers.

55. Prior to the crash, Defendant Mendes-Ferreira believed that driving a car was dangerous.

56. During her post-accident court appearance, Defendant Mendes-Ferreira represented to the Court in connection with Grand County Case No. 2022T277 that she believed that driving a car was dangerous.

57. During her post-accident court appearance in connection with Grand County Case No. 2022T277, Defendant Mendes-Ferreira represented the Court that she is materially responsible for the crash.

58. Defendant Mendes-Ferreira is materially responsible for the crash.

59. Defendant Mendes-Ferreira caused the collision and impact.

60. The collision was not the fault of Rebecca Wilie.

61. The collision was not the fault of any third vehicle.

62. Immediately prior to the crash, Defendant Mendes-Ferreira was aware that her conduct of driving over the posted speed limit posed a slight risk that death would occur.

63. Immediately prior to the crash, Defendant Mendes-Ferreira was aware that her conduct of driving into oncoming traffic posed a slight risk that death would occur.

64. Immediately prior to the crash, Defendant Mendes-Ferreira was aware that her conduct of driving while fatigued posed a slight risk that death would occur.

65. At the time of the subject crash, Defendant Mendes-Ferreira operated her vehicle with conscious disregard for the risks associated with driving while fatigued.

66. Immediately prior to the crash, Defendant Mendes-Ferreira was aware that her conduct of driving while distracted posed a slight risk that death would occur.

67. At the time of the subject crash, Defendant Mendes-Ferreira operated her vehicle with conscious disregard for the risks associated with driving while distracted.

68. The collision was not the fault of any third person.

69. The collision was not the fault of anyone except Defendant Mendes-Ferreira.

70. At the time of the collision, the involved vehicle operated by Defendant Mendes-Ferreira, was in satisfactory working condition.

71. At the time of the collision, the involved vehicle operated by Defendant Mendes-Ferreira had no mechanical defect.

72. At the time of the collision, the involved vehicle operated by Defendant Mendes-Ferreira, was not defective.

73. All damages are in the past, present, and future.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT MENDES-FERREIRA
### (Wrongful Death)

74. Plaintiffs incorporate herein all of the General Allegations as if set forth verbatim herein.

75. Defendant Mendes-Ferreira operated her vehicle in a careless, reckless, willful, wanton and/or negligent manner and did so in such fashion as to cause the head-on crash with Rebecca Wilie, thereby causing her death.

76. As a direct, immediate, and proximate result of Defendant Mendes-Ferreira's negligent actions and/or omissions, Rebecca Wilie was killed.

77. As a direct, immediate, and proximate result of Defendant Mendes-Ferreira's negligence, Plaintiffs have suffered non-economic injuries, damages, and losses, including grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional distress resulting from the death the Decedent, Rebecca Wilie.

78. As a direct, immediate, and proximate result of Defendant Mendes-Ferreira's negligence, Plaintiffs have suffered economic losses, including reasonable funeral, burial, interment, and/or cremation expenses, net pecuniary losses, and other financial damages and losses because of the death of Rebecca Wilie.

79. All damages are in the past, present, and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiffs pray for relief all as is more particularly hereinafter set forth.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT MENDES-FERREIRA
### (Negligence)

80. Plaintiffs, incorporate herein all of the General Allegations, the First Claim for Relief as if set forth verbatim herein.

81. Defendant Mendes-Ferreira operated her vehicle in a careless, reckless, willful, wanton and/or negligent manner and did so in such fashion as to crash into Rebecca Wilie, thereby

causing her death.

82. As a direct, immediate, and proximate result of Defendant Mendes-Ferreira's negligent actions and/or omissions, Rebecca Wilie was killed.

83. As a direct, immediate, and proximate result of Defendant Mendes-Ferreira's negligence, Plaintiffs have suffered non-economic injuries, damages, and losses, including grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional distress resulting from the death of Rebecca Wilie.

84. As a direct, immediate, and proximate result of Defendant Mendes-Ferreira's negligence, Plaintiffs have suffered economic losses, including reasonable funeral, burial, interment, and/or cremation expenses, net pecuniary loss, and other financial damages and losses because of the death of Rebecca Wilie.

85. All damages are in the past, present, and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiffs pray for relief all as is more particularly hereinafter set forth.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT MENDES-FERREIRA
(Negligence Per Se)

86. Plaintiffs, incorporate herein all of the General Allegations and the First and Second Claims for Relief as if set forth verbatim herein.

87. Defendant Mendes-Ferreira operated her vehicle that struck and killed Rebecca Wilie in violation of the traffic laws of this State, including, but not limited to, C.R.S. §§ 42-4-1601, 42-4-1401, C.R.S. § 42-4-1402(1), (2)(c)), 42-4-807, C.R.S. 18-3-104, C.R.S. 18-3-105, C.R.S. 42-4-1101(3) and C.R.S 18-3-106. All statutes or codes pertaining to careless driving, reckless driving, careless driving, and/or reckless driving resulting in serious bodily injury and/or death are incorporated herein.

88. At the time of the at-issue crash, the Colorado Revised Statutes and Codes and other regulations and codes specifically set forth in the preceding paragraph were in full force and effect.

89. Violation of the above-referenced statutes, regulations, and/or Codes constitutes negligence per se.

90. As a direct, immediate, and proximate result of Defendant Mendes-Ferreira's negligence per se, Plaintiffs have suffered non-economic injuries, damages, and losses, including grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional distress resulting from the death of Rebecca Wilie.

91. As a direct, immediate, and proximate result of Defendant Mendes-Ferreira's negligence per se, Plaintiffs have suffered economic losses, including reasonable funeral, burial, interment, and/or cremation expenses, net pecuniary loss, and other financial damages and losses because of the death of Rebecca Wilie.

92. All damages are in the past, present, and future, whether so specifically delineated in each

paragraph or not.

WHEREFORE, Plaintiffs pray for relief all as is more particularly hereinafter set forth.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT MENDES-FERREIRA
### (Felonious Killing)

93. Plaintiffs, incorporate herein all of the General Allegations and the First, Second, and Third Claims for Relief as if set forth verbatim herein.

94. Defendant Mendes-Ferreira acted recklessly when she drove her vehicle, striking the Decedent and killing her.

95. Defendant Mendes-Ferreira consciously disregarded a substantial and unjustifiable risk that she would cause the death of another, including the Decedent, Rebecca Wilie.

96. The killing of Rebecca Wilie due to Defendant Mendes-Ferreira's actions constituted a conscious disregard of a substantial risk that she would cause the death of another, including the Decedent, Rebecca Wilie.

97. The killing of Rebecca Wilie due to Defendant Mendes-Ferreira's omissions constituted a conscious disregard of a substantial that she would cause the death of another, including the Decedent, Rebecca Wilie.

98. Defendant Mendes-Ferreira recklessly caused the death of Rebecca Wilie.

99. Defendant Mendes-Ferreira carelessly caused the death of Rebecca Wilie.

100. Defendant Mendes-Ferreira knew, or should have known, that the injury would probably result from her acts.

101. Defendant Mendes-Ferreira knew or should have known, that the injury would probably result from her omissions.

102. As a direct, immediate, and proximate result of Defendant Mendes-Ferreira's actions, intent, omissions, recklessness, and/or by disregarding a substantial and unjustifiable risk that caused the death of Rebecca Wilie, Plaintiffs have suffered non-economic injuries, damages, and losses, including grief, loss of companionship, impairment of the quality of life, inconvenience, pain-and-suffering, and emotional distress resulting from the death of Rebecca Wilie.

103. As a direct, immediate, and proximate result of Defendant Mendes-Ferreira's actions, intent, omissions, recklessness, and/or by disregarding a substantial and unjustifiable risk that caused the death of Rebecca Wilie, Plaintiffs have suffered economic losses, including reasonable funeral, burial, interment, and/or cremation expenses, net pecuniary loss, and other financial damages and losses because of, or related to, the death of Rebecca Wilie.

104. All damages are in the past, present, and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiffs pray for relief all as is more particularly hereinafter set forth.

**PRAYER FOR RELIEF AND JURY DEMAND**

On account of the matters set forth in this Complaint in the First, Second, Third, and Fourth Claims for Relief, Plaintiff Matthew Wilie, individually and on behalf of all heirs and as the surviving spouse and Personal Representative of the Estate of Rebecca Wilie, and surviving parent and next friend of Rowan Kittrell, Rhedyn Wilie-Kittrell, and Rosalie Wilie-Kittrell prays for Judgment in favor of the Plaintiffs and against Defendant, Mendes-Ferreira in an amount that will fully compensate the Plaintiffs for all of their non-economic injuries, damages, and losses, including grief, loss of companionship, impairment of quality of life, inconvenience, pain-and-suffering, and emotional distress resulting from the death of Rebecca Wilie, and for all economic losses and damages, including reasonable medical, funeral, burial, interment, and/or cremation expenses, and for all other financial and economic losses sustained by Plaintiffs, for net pecuniary loss, for Plaintiff's expenses, expert witness fees, attorney fees, interest on such sums as is provided by law, prejudgment interest, and for such other and further relief as the Court deems proper.

On account of the matters set forth in this Complaint in the First, Second, Third, and Fourth Claims for Relief, Plaintiff Rene Welch as Co-Personal Representative of the Estate of Rebecca Wilie, and Legal Custodian, Personal Representative, and next friend of Rylie Wisecup prays for Judgment in favor of the Plaintiffs and against Defendant Mendes-Ferreira in an amount that will fully compensate Plaintiff Rylie Wisecup for all of her non-economic injuries, damages, and losses, including grief, loss of companionship, impairment of quality of life, inconvenience, pain-and-suffering, and emotional distress resulting from the death of Rebecca Wilie, and for all economic losses and damages, including reasonable medical, funeral, burial, interment, and/or cremation expenses, and for all other financial and economic losses sustained by Plaintiff Rylie Wisecup, for net pecuniary loss, for Plaintiff's expenses, expert witness fees, attorney fees, interest on such sums as is provided by law, prejudgment interest, and for such other and further relief as the Court deems proper.

On account of the matters set forth in this Complaint in the First, Second, Third, and Fourth Claims for Relief, Plaintiffs Rowan Kittrell, Rhedyn Wilie-Kittrell, and Rosalie Wilie-Kittrell pray for Judgment in favor of the Plaintiffs and against Defendant Mendes-Ferreira in an amount that will fully compensate the Plaintiffs for all of their non-economic injuries, damages, and losses, including grief, loss of companionship, impairment of quality of life, inconvenience, pain-and-suffering, and emotional distress resulting from the death of Rebecca Wilie, and for all economic losses and damages, including reasonable medical, funeral, burial, interment, and/or cremation expenses, and for all other financial and economic losses sustained by Plaintiffs, for net pecuniary loss, for Plaintiff's expenses, expert witness fees, attorney fees, interest on such sums as is provided by law, prejudgment interest, and for such other and further relief as the Court deems proper.

**PLAINTIFFS DEMAND TRIAL BY JURY OF ALL CLAIMS AND ISSUES SO TRIABLE**

Dated:  May 15, 2023

By: *(original signature on file)*
<u>/s/ Steven T. Mandelaris</u>
Steven T. Mandelaris, Esq.
Mandelaris Law, LLC
501 S. Cherry, Ste. 1100
Denver, CO 80246
Phone: (303) 357-9757
Fax: (303) 991-9836
stm@mandelarislaw.com
*Attorney for Plaintiffs*

*(original signature on file)*
<u>/s/ Kevin J. Davlin</u>
Kevin J. Davlin
Attorney At Law
Davlin & Davlin, L.L.C.
P. O. Box 1
Fraser, Colorado 80442

<u>Plaintiffs' Address:</u>

Matthew Wilie, individually and on behalf of all heirs and as the surviving spouse and Personal Representative of the Estate of Rebecca Wilie, and surviving parent and next friend of Rowan Kittrell, Rhedyn Wilie-Kittrell, and Rosalie Wilie-Kittrell
P.O. Box 1433
Kremmling, CO 80459

Rene Welch as Co-Personal Representative of the Estate of Rebecca Wilie, and guardian, Legal Custodian, Personal Representative, and next friend of Rylie Wisecup.
P.O. Box 1653
Kremmling, CO 80459